UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN MOEN, <br><br> Plaintiff, <br><br> -against- <br><br> CVS PHARMACY, INC. and CVS ALBANY, LLC, <br><br> Defendants. | 23-cv-6193 (AS) <br><br> <u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

On August 21, 2024, Defendants requested leave to file an early motion *in limine* to preclude evidence of an osteochondral fracture and associated arthroscopic surgery. ECF No. 30. The Court granted this request on August 21, 2024. ECF No. 31. The motion was filed on August 26, 2024, ECF No. 34, and Plaintiff's brief in opposition was filed on August 30, 2024. ECF No. 35. For the reasons below, Defendants' motion *in limine* is GRANTED.

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…unless the failure was substantially justified or is harmless." Here, Plaintiff failed to disclose her foot fracture, which was discovered in the December 17, 2023 MRI, when she listed her injuries in her April 26, 2024 interrogatory responses. *See* ECF Nos. 35-3, 34-1. It is true that Defendants were authorized to access Plaintiff's medical records (including MRI records) and thus could have seen the December 17, 2023 MRI results. *See* ECF No. 35-2. However, the fracture's exclusion from the list of claimed injuries in Plaintiff's interrogatory responses gave Defendants no indication that the fracture was relevant to this action. Plaintiff's intention to include the fracture in her claim only became clear on July 19, 2024, when a letter from Plaintiff's counsel mentioned the fracture in the context of this action for the first time. ECF No. 27.

Plaintiff provides no substantial justification for her failure to disclose the fracture as an injury relevant to her action against Defendants. Nor was the failure harmless, as Defendants were given only one week to examine the claim before the close of discovery. Plaintiff is thus precluded from offering evidence of the fracture or surgery at trial. This preclusion includes the testimony of Dr. Richard E. Pearl.

The Clerk of Court is directed to terminate the motion at ECF No. 34.

SO ORDERED.

Dated: September 5, 2024
       New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge